# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DWAYNE CAETANO,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No. 1:23-cv-01099-BAM (PC)<br><br>ORDER TRANSFERRING CASE TO THE SACRAMENTO DIVISION OF THE EASTERN DISTRICT OF CALIFORNIA |

On July 21, 2023, Plaintiff Nathaniel Dwayne Caetano, a state prisoner, filed this civil action against Defendant Internal Revenue Service ("IRS"). (ECF No. 1.) Plaintiff proceeds *pro se* and his application to proceed *in forma pauperis* remains pending. (ECF No. 2.) As it appears that this action should have been filed in the Sacramento Division of the United States District Court for the Eastern District of California, the Court will transfer the case to the Sacramento Division.

Plaintiff, who is currently housed at the California State Prison, Sacramento in Represa, California, brings this action seeking reissuance of a purported refund check from the IRS in the amount of $43,000,000.34, along with interest. Plaintiff claims that the California Substance Abuse Treatment Facility Trust Office ("SATF Trust Office") failed to forward him the check.[1]

---

[1] Plaintiff has requested joinder of the California Department of Corrections and Rehabilitation. (ECF No. 1 at pp. 9-11.).

1  However, according to documents attached to the complaint, the SATF Trust Office informed

2  Plaintiff that the check in the amount of $4,300.88 from the US Treasury had been returned to

3  sender because the "Internal Revenue Service . . . requested this check be returned to them."

4  (ECF No. 1 at p. 18, Ex. A.)  Plaintiff also brings a claim under the Freedom of Information Act

5  ("FOIA"), indicating that he made a request to the IRS to examine the refund check.

6        For purposes of a tax refund, the proper venue for such a claim is the judicial district in

7  which the plaintiff resides.  *See Hanson v. I.R.S.*, No. CIV. 91-1304-FR, 1991 WL 57014, at *1

8  (D. Or. Apr. 11, 1991) ("Under the express provisions of 28 U.S.C. § 1402(a)(1), the proper

9  venue for a claim for a federal tax refund lies only in the judicial district in which the plaintiffs

10 reside.").  Regarding venue in FOIA cases, one court has noted as follows:

11
12
13
> FOIA contains a specific provision for venue, which allows for venue in four locations: (1) the judicial district where the plaintiff resides, (2) the judicial district where the plaintiff has a principal place of business, (3) the judicial district where the agency records are situated, or (4) the District of Columbia. 5 U.S.C. § 552(a)(4)(B).

14 *Koltys v. Kijakazi*, No. 20-CV-08700-SK, 2022 WL 423441, at *3 (N.D. Cal. Jan. 28, 2022).

15 The only apparent basis for venue in the complaint is Plaintiff's residence.  Specifically, Plaintiff

16 is confined at California State Prison, Sacramento.

17       Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper

18 court may, on the court's own motion, be transferred to the proper court.  Therefore, this action

19 will be transferred to the Sacramento Division.  Given the transfer, the Court will not address

20 Plaintiff's pending application to proceed *in forma pauperis*.  (ECF No. 2.)  The Court also will

21 not address the separate request for joinder.

22       Good cause appearing, IT IS HEREBY ORDERED that:

23     1.  This action is transferred to the United States District Court for the Eastern District of

24         California sitting in Sacramento; and

25 ///

26 ///

27 ///

28 ///

2. All future filings shall refer to the new Sacramento case number assigned and shall be filed at:

> United States District Court
> Eastern District of California
> 501 "I" Street, Suite 4-200
> Sacramento, CA 95814

IT IS SO ORDERED.

Dated: __**July 25, 2023**__                    /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE